**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luis Virata, | No. CV11-0988-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Eric Zemke, et al., | |
| Defendants. | |

Defendant/Cross-Claimant Revenue Enhancement Specialists LLC alleged the following theories for relief against Defendant/Cross-Defendants Steve Wallace and ACLS Pegasus, LLC: "Fraud; Breach of Contract; Breach of the Covenant of Good Faith and Fair Dealing; Deceptive or Unfair Trade Practices; Money Had and Received; Wrongful Act of Another; Unjust Enrichment; Declaratory Relief; Conversion; Tortious Interference With Contractual Relations; [and] Rescission/Restitution." Doc. 35, at 1. Cross-Claimant has moved to strike, under Rule 12(f) of the Federal Rules of Civil Procedure, six of the affirmative defenses raised by Defendants/Cross-Defendants in their answer. Doc. 49. The six affirmative defenses are (1) intervening cause, (2) supervening cause, (3) contributory negligence, (4) lack of consideration, (5) lack of privity, and (6) respondeat superior. Doc. 49. The motion has been fully briefed. Docs. 49, 50, 52. The parties have withdrawn their request for oral argument. Doc. 52. For the reasons below, the Court will deny the motion in part and grant it in part.

## I. Standard of Review

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A court should strike an "insufficient defense" only if (1) it appears to a certainty that the claimant will succeed regardless of what facts could be proved in support of the defense; (2) the affirmative defense sought to be struck does not present disputed and substantial questions of law that could be resolved in such a way as to support the defense; and (3) the claimant shows it will be prejudiced by inclusion of the affirmative defense. *See Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 80 (N.D.N.Y. 2000). "Motions to strike are generally regarded with disfavor, but are proper when a defense is insufficient as a matter of law." *Torres v. Goddard*, 2008 WL 1817994 (D. Ariz. April 22, 2008).

## II. Discussion

Cross-Claimant argues that it makes no stand-alone negligence claim and that Cross-Defendants' (1) intervening cause, (2) supervening cause, and (3) contributory negligence defenses are inapplicable to its contract and intentional tort claims. Cross-Claimant further argues that there is no factual or legal basis for the (4) lack of consideration and (5) lack of privity defenses. However, Cross-Claimant has not shown that it will be prejudiced by the inclusion of any of these affirmative defenses. Lack of consideration and lack of privity are normal contractual defenses. *See, e.g.*, *PAE Gov. Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 858 (9th Cir. 2007). Accordingly, the Court denies the motion to strike affirmative defenses 1-5.

With respect to affirmative defense 6, Cross-Defendants concede in their response that respondeat superior is a vicarious liability theory, not an affirmative defense. Doc. 50. The Court finds that it is proper to strike the respondeat superior defense because it is insufficient as a matter of law.

**IT IS ORDERED:**

1. Motion to strike is **denied** with respect to the affirmative defenses of (1)

intervening cause, (2) supervening cause, (3) contributory negligence, (4) lack of consideration, and (5) lack of privity.

2. Motion to strike is **granted** with respect to the affirmative defense of (6) respondeat superior.

Dated this 4th day of October, 2011.

David G. Campbell
United States District Judge